UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PASCAL JACQUES DUBOIS,

        Petitioner,

v.

ERIC HOLDER, JR., et al.

        Respondents.

Civ. No. 14-0358 (KM)

OPINION

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

Petitioner, Pascal Jacques Dubois, is currently an immigration detainee who is detained at the Essex County Correctional Facility in Newark, New Jersey. Mr. Dubois is a native and citizen of Morocco. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking his release from immigration detention. For the following reasons, the habeas petition will be dismissed without prejudice.

## II. BACKGROUND

Mr. Dubois was taken into immigration custody on March 29, 2013, after he was charged with removability pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) for having been convicted of three aggravated felonies, namely: (1) a crime of violence for which the sentence exceeds one year, (2) a violation of law relating to murder, rape, or sexual abuse of a minor, and (3) a burglary offense for which the term of imprisonment of at least one year is imposed. (*See* Dkt. No. 1-2 at p. 46.)

On April 11, 2013, Mr. Dubois' removal proceeding was adjourned until April 24, 2013 to provide him with an opportunity to find an attorney. On April 24, 2013, the removal

proceedings were adjourned until May 14, 2013 to provide Mr. Dubois with additional time to find an attorney. (*See id.*) On May 14, 2013, the removal hearing was adjourned until June 3, 2013 to permit Mr. Dubois additional time to prepare for the hearing. On May 21, 2013, Mr. Dubois filed a motion for change of venue which was denied on June 3, 2013. Also, on June 3, 2013, Mr. Dubois filed an application for asylum, withholding of removal and relief under the Convention Against Torture. Mr. Dubois' merits hearing on his removability was scheduled for August 13, 2013. (*See id.* at p. 47.)

In June, 2013, Mr. Dubois filed several motions to the Immigration Court requesting the subpoena of certain documents. On July 31, 2013, Mr. Dubois moved for a continuance to gather additional evidence. On August 13, 2013, Mr. Dubois' motion for a continuance was granted. The Immigration Court denied Mr. Dubois' motions for subpoenas on September 4, 2013. (*See id.*)

On October 15, 2013, the Immigration Court sustained two of the removability charges; specifically the charges pertaining to a crime of violence for which a sentence exceeds one year and a burglary offense for which the term of imprisonment of at least one year was imposed. The Immigration Court also received testimony regarding Mr. Dubois' fear of returning to Morocco. (*See id.*) On December 17, 2013, the Immigration Court ordered Mr. Dubois removed to Morocco. (*See id.* at p. 56.)

On January 16, 2014, this Court received Mr. Dubois' petition for writ of habeas corpus pursuant to § 2241.[1] Mr. Dubois names the following individuals as Respondents in this action: (1) John Tsoukaris – Field Office Director with the State of New Jersey for the Department of Homeland Security/Immigration Customs Enforcement; (2) Eric Holder, Jr. – Attorney General

---

[1] The Court received the petition on January 16, 2014. It was docketed on January 23, 2014.

of the United States; (3) Jane Holl Lute – Deputy Secretary of the Department of Homeland Security; and (4) Roy L. Hendricks – Warden of the Essex County Correctional Facility. Plaintiff challenges his continued immigration detention since March 29, 2013, and seeks immediate release from immigration custody.

### III.   STANDARD FOR *SUA SPONTE* DISMISSAL

With respect to screening the habeas petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As Mr. Dubois is proceeding *pro se*, his petition is held to less stringent standards than those governing pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("[W]e construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

### IV.   DISCUSSION

A. <u>Legal Standard</u>

The Attorney General has the authority to detain aliens who are in removal proceedings both before and after the issuance of a final order of removal. Section 1226 of Title 8 of the United States Code governs pre-removal-order detention of an alien. Section 1226(a) permits the

Attorney General to arrest, and to detain or release an alien pending a decision on whether the alien is to be removed from the United States:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General –
>
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on –
>   (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General;
>   (B) conditional parole; . . .

8 U.S.C. § 1226(a). Certain criminal aliens are subject to mandatory detention pending the outcome of removal proceedings:

> The Attorney General shall take into custody any alien who –
>
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(a)(ii), (A)(iii), (B), (C), or (D) of this title,
> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence to a term of imprisonment of at least 1 year, or
> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
>
> when the alien is released, without regard to whether the alien is release on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1).

Post-removal-order immigration detention is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1)(A) states that, "except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of

4

90 days (in this section referred to as the "removal period")." *Id.* § 1231(a)(1)(A). The removal period begins on the latest of the following dates:

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* § 1231(a)(1)(B). Federal regulations provide add further detail:

> An order of removal made by the immigration judge at the conclusion of the proceedings under section 240 of the Act shall become final:
>
> (a) Upon dismissal of an appeal by the Board of Immigration Appeals;
> (b) Upon waiver of appeal by the respondent;
> (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time;
> (d) If certified to the Board or Attorney General, upon the date of the subsequent decision ordering removal; or
> (e) If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a required voluntary department bond within 5 business days. If the respondent has filed a timely appeal with the Board, the order shall become final upon an order of removal by the Board or the Attorney General, or upon overstay of the voluntary departure period granted or reinstated by the Board or the Attorney General.

8 C.F.R. § 1241.1(a). Section 1231(a)(2) requires that the alien be detained during the ninety day period following an order of removal. *See* 8 U.S.C. § 1231(a)(2). If the alien is not removed during that ninety-day period, then § 1231(a)(6) provides that the alien may be released on bond, if appropriate, or else be continued to be detained:

> An alien ordered removed who is inadmissible under section 1982 of this title, under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4)

> of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the United States Supreme Court stated that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." 533 U.S. at 689. The Supreme Court stated that a period of six months is a presumptively reasonable period of post-removal detention under § 1231(a)(6). *See Zadvydas*, 533 U.S. at 701. However, to state a habeas claim under § 2241, the petitioner must provide in the petition facts showing good reason to believe that there is no reasonable likelihood of his actual removal in the reasonably foreseeable future. *See id.* "*Zadvydas* does not delineate the boundaries of evidentiary sufficiency, but it suggests that an inversely proportional relationship is at play: the longer an alien is detained, the less he must put forward to obtain relief." *Alexander v. Attorney Gen. of Untied States*, 495 F. App'x 274, 276-77 (3d Cir. 2012) (per curiam) (citation omitted).

B. <u>Analysis</u>

Mr. Dubois challenges his continued immigration detention. It is unclear based on the record included with the habeas petition whether Mr. Dubois is in pre-removal-order or post-removal-order immigration custody. Mr. Dubois states that an Immigration Judge has ordered him removed, but the record does not indicate whether he is pursuing, or has pursued, an appeal to the Board of Immigration Appeals. Thus, it is unclear whether the Immigration Judge's

6

removal order is in fact "final." Only if the order is final will Mr. Dubois be considered to be within the post-removal-order period. *See* 8 C.F.R. § 1241.1(a) (stating that order of removal becomes final upon dismissal by Board of Immigration Appeals). Nevertheless, for the reasons that follow, Mr. Dubois is not entitled to federal habeas relief at this time under either the pre-removal-order or post-removal order legal standard.

1. *Pre-Removal-Order Period*

I liberally construe Mr. Dubois' habeas petition as attempting to raise a claim under *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011). In *Diop*, the United States Court of Appeals for the Third Circuit held:

> § 1226(c) contains an implicit limitation on reasonableness: the statute authorizes only mandatory detention that is reasonable in length. After that, § 1226(c) yields to the constitutional requirement that there be a further, individualized, inquiry into whether continued detention is necessary to carry out the statute's purpose. . . . Should the length of [an alien's] detention become unreasonable, the Government must justify its continued authority to detain him at a hearing at which it bears the burden of proof.

656 F.3d at 235. *Diop* did not state a specific length of pre-removal-order detention, beyond which petitioner would be entitled to a hearing. *See id.* at 234; *see also Carter v. Aviles*, No. 13-3607, 2014 WL 348257, at *3 (D.N.J. Jan. 30, 2014) ("[T]he Third Circuit has not set a 'universal point' when mandatory detention under § 1226(c) is unreasonable.") (citing *Leslie v. Attorney Gen.*, 678 F.3d 265, 270-71 (3d Cir. 2012)); *Barcelona v. Napolitano*, No. 12-7494, 2013 WL 6188478, at *1 (D.N.J. Nov. 26, 2013) ("The Court of Appeals in *Diop* declined to adopt a rule that a hearing was required after a certain fixed amount of time in pre-removal detention.") (citation omitted). Instead, the Third Circuit noted that "[r]easonableness, by its very nature, is a fact-dependent inquiry requiring an assessment of all of the circumstances of a particular case," and that a reasonableness determination "must take into account a given

7

individual detainee's need for more or less time, as well as the exigencies of a particular case." *Diop*, 656 F.3d at 234. "A court will consider, for example, the extent to which delays were attributable to the detainee's requests for adjournments, or alternatively to the immigration judge's errors or the government's sluggishness in obtaining evidence." *Wilson v. Hendricks*, No. 12-7315, 2013 WL 324743, at *2 (citing *Diop*, 656 F.3d at 234); *see also Barcelona*, 2013 WL 6188478, at *1.

Courts have reached varying outcomes when assessing the reasonableness of pre-order removal immigration detention. Judge Salas recently surveyed some of these in *Skinner v. Bigott*, No. 13-4299, 2014 WL 70066, at *4 (D.N.J. Jan. 8, 2014):

> For example, a detainee's one-year detention period was recently found not unreasonable under *Diop*. [*See*] *Dilone v. Shanahan*, No. 12-7894, 2013 WL 5604345, at *4 (D.N.J. Oct. 11, 2013). In another case, the detention was found unreasonable where, "[a]t the time of th[e] Opinion, [the petitioner] will have been held in mandatory detention, without any bond hearing, for more than one year." *See Francois v. Napolitano*, No. 12-2806, 2013 WL 4510004, at *4 (D.N.J. Aug. 23, 2013). Conversely, a detention period of two years was found not to violate due process, *Gonzalez v. Aviles*, No. 13-3413, 2013 WL 5467114, at *3 (D.N.J. Sept. 30, 2013), as was a period of eighteen months[.] [*S*]ee *Sessay v. Hendricks*, No. 12-2667, 2013 WL 4537709, at *4 (D.N.J. Aug. 27, 2013).

Another court in this Circuit noted that, "[w]hile period of detention which significantly exceed one year may trigger constitutional concerns . . . detention periods of up to two years have been sustained by the courts where a criminal alien is subject to mandatory detention and much of the pre-removal delay is a function of that criminal alien's litigation decisions during removal proceedings." *Ryan v. Decker*, No. 13-682, 2013 WL 3973074, at *5 (M.D. Pa. July 31, 2013) (internal citations omitted). As these cases indicate, the reasonableness inquiry takes into account many facts, not just the length of pre-removal-order detention.

8

When Mr. Dubois filed his habeas petition, approximately one month ago, he had been in immigration detention for less than ten months. Several months of this time is attributable to Mr. Dubois himself. He sought and obtained a continuance of the removal proceedings while he obtained an attorney. The immigration court adjourned the proceedings on May 14, 2013, and again on June 3, 2013, at Mr. Dubois' request, so he could find an attorney and prepare adequately for the hearing. Again, on August, 13, 2013, the immigration court granted Mr. Dubois' request for a continuance. An Immigration Judge has now ordered Mr. Dubois' removal. Therefore, it appears that his pre-removal-order period of immigration detention is nearing completion (if it has not already been completed).

In light of the foregoing facts, I find that Mr. Dubois has not been held for an unreasonable period of pre-removal-order immigration detention. Therefore, to the extent that Mr. Dubois is pursuing a *Diop* claim, that claim is dismissed without prejudice to another application, should that detention continue.

2. *Post-Removal-Order Detention*

The Immigration Court ordered Mr. Dubois removed to Morocco on December 17, 2013. Mr. Dubois does not indicate whether he appealed to the Board of Immigration Appeals or waived his right to appeal, which would render the order "final." But even assuming that Mr. Dubois immediately waived his right to appeal, his order of removal became administratively final on December 17, 2013, at the earliest.

As explained in Part III.A, *supra*, Section 1231(a)(2) of Title 8 of the United States Code requires that the alien be detained pending removal for a period of 90 days after the order of removal becomes final. Less than 90 days has elapsed since December 17, 2013, the earliest possible date that the removal order became final. At a minimum, then, his continued

immigration detention pursuant to § 1231(a)(2) remains mandatory as of today. Mandatory detention aside, the United States Supreme Court has stated that six months is a presumptively "reasonable" period of post-removal-order immigration detention under § 1231(a)(6). *See Zadvydas*, 533 U.S. at 701. Thus, in addition to presumably being within the ninety-day period of mandatory detention as set out in § 1231(a)(2), Mr. Dubois' continued immigration detention since December 17, 2013 would still be well within the six-month presumptively reasonable period set forth by the Supreme Court in *Zadvydas*. Mr. Dubois sets forth no facts to suggest that the presumption would not apply here.

Accordingly, this claim also shall be dismissed without prejudice.

## V.    CONCLUSION

For the foregoing reasons, Mr. Dubois' habeas petition will be dismissed. However, this dismissal will be without prejudice to the filing of another § 2241 petition should Mr. Dubois' immigration detention be prolonged beyond the point where it is reasonable. An appropriate order will be entered.

DATED: February 20, 2014

_____
KEVIN MCNULTY
United States District Judge